IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 15-22881- WILLIAMS/SIMONTON

JULIO C. PENA NAVAS,
PABLO IRINEO COTO MENDOZA
and all others similarly situated,

Plaintiffs,

v.

PAVER DAVE, INC. and
DAVID E. KELLER,

Defendants.
_________________________________/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, PAVER DAVE, INC. and DAVID E. KELLER, (together referred to in this pleading as "Defendants' unless the context otherwise requires) through undersigned counsel, state the following in answer to, and in defense of, the Complaint:

1. In response to Paragraph 1, Defendants admit that Plaintiffs purport to bring an action under the Fair Labor Standards Act ("FLSA").
2. Paragraph 2 is denied.
3. Paragraph 3 is admitted.
4. Paragraph 4 is admitted.
5. Paragraph 5 is denied.

COUNT I – OVERTIME (FLSA)

6. Defendants admit that Plaintiffs purport to bring an action under federal law but deny that Plaintiffs have any such claims or that there are others who are similarly

situated. All other allegations in Paragraph 6 are denied.

7. Defendants admit that Plaintiff's purport to bring an action under the FLSA but deny that Plaintiffs have any such claims.

8. In response to Paragraph 9, Defendants admit that Plaintiffs purport to state relevant language in 29 U.S.C. § 207(a) but refer the Court to the exact language of the statute.

9. Paragraph 9 is admitted to the extent it alleges PENA was employed but Defendants deny the accuracy of the dates stated in Paragraph 9.

10. Paragraph 10 is admitted to the extent it alleges MENDOZA was employed but Defendants deny the accuracy of the dates stated in Paragraph 10.

11. Defendants admit that they engaged in interstate commerce because they used materials and goods which moved through commerce. All other allegations in Paragraph 11 are denied.

12. Paragraph 12 is admitted.

13. Paragraph 13 is admitted to the extent it attempts to allege PAVER DAVE was an "enterprise engaged in commerce" as defined in the FLSA for the years stated but any such admission does not constitute a waiver of any Statute of Limitations contained in the FLSA.

14. Paragraph 14 is admitted.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied and it is also denied that Plaintiffs are entitled to any of the relief sought in the unnumbered paragraph following Paragraph 17.

## AFFIRMATIVE DEFENSES

18. First Affirmative Defense: Defendants acted in good faith and did not knowingly or willfully disregard their obligations under the FLSA and therefore are entitled to protection under the Portal to Portal Act.

19. Second Affirmative Defense: Plaintiffs are not entitled to be compensated for time spent attributable to personal pursuits that have no connection with Defendants' business.

20. Third Affirmative Defense: Plaintiffs are not entitled to be compensated for time which is not "work time" under the Portal to Portal Act.

21. Fourth Affirmative Defense. Plaintiffs are barred by the Statutes of Limitations from seeking or being awarded damages for any hours beyond those worked in the two years preceding the filing of this Complaint and to the extent that Plaintiffs seek wages beyond that period, they are limited by the three (3) year Statute of Limitations in the FLSA.

22. Fifth Affirmative Defense. Defendants are not liable for Plaintiffs' accrual of overtime when they were not aware of the accrual and did not suffer or permit Plaintiffs to work overtime.

23. Sixth Affirmative Defense. Plaintiffs' wages included the reasonable cost of lodging and utilities afforded to them by Defendants.

24. Seventh Affirmative Defense. Defendants are entitled to an offset against or a credit for wages which Plaintiffs were paid for time they did not actually work against any overtime wages which are deemed to be owed to them by a jury.

Defendants expressly deny any matter in the Complaint which is not answered and

further reserves the right to raise additional defenses as discovery may reveal.

WHEREFORE, Defendants respectfully requests the Court to dismiss this action with prejudice

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A.
Counsel for the Defendants
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
Tel: (305) 556-3663
Fax: (305) 556-3647

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on August 20, 2015 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

By:_ /s/ Leslie W. Langbein
Leslie W. Langbein, Esq.
Fla. Bar No. 305391

SERVICE LIST

J.H. ZIDELL, P.A.
David Kelly, Esq.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Attorney for the Plaintiffs