UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-CIV-22881

JULIO C PENA NAVAS, PABLO IRINEO )
COTO MENDOZA, and all others similarly )
situated under 29 US.C. 216(b), )
)
)
Plaintiff, )
vs. )
)
)
PAVER DAVE, INC., and DAVID E KELLER, )
)
)
Defendants. )
_____ )

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiffs, by and through Undersigned Counsel, pursuant to the Court's order dated 1/13/17, respond to the Order to Show Cause and state as follows:

1. As illuminated by the Defendants' response, DE 44, highlights the parties have worked diligently to avoid the cost of mediation and come to a settlement without the use of a mediator. Undersigned Counsel was unaware that these efforts had failed, until he read it in Opposing Counsel's Response, and had hoped to get the case settled today.

2. Undersigned Counsel went to great lengths to negotiate several failed settlements while simultaneously preparing for an Oral Argument that took place on Friday January 13, 2017.

3. Undersigned Counsel tried to juggle firm staffing issues that led the first deadline to be missed and left an enormous amount of work to be done, with the duty to be thoroughly prepared for the rare occasion that the Eleventh Circuit decides that an attorney is worth hearing from in person (in my case of 38+ minutes). Undersigned Counsel dropped a ball juggling and did not realize the

order to show cause was for today, and thought that negotiations were both ongoing and on the verge of success.

3. Undersigned Counsel, made a severe error and prays this Court find that it is excusable neglect, but makes no excuse and admits to having dropped the ball. Undersigned Counsel admits fault, takes full responsibility, and prays this Court does not punish Plaintiffs for Counsel's error.

4. Finding out last minute that today was the deadline to show cause, which again Undersigned Counsel takes full responsibility for, and that the negotiations had stalled. Co-Counsel arranged with Opposing Counsel to call and schedule the mediation tomorrow while Opposing Counsel is otherwise present in Undersigned Counsel's Office. (Tonight, Opposing Counsel was unavailable to call).

5. Undersigned Counsel at one point agreed that Opposing Counsel could seek a joint extension of the mediation deadline, as well as her own extension to respond to summary judgment and the motion in limine, but did not realize that Opposing Counsel did not ask for the mediation deadline to be extended while asking for the other two. The premise behind all three extensions was for the case to settle without the need to respond or mediate. Undersigned Counsel, as previously stated erred, dropped the ball, is correcting the situation in person with Opposing Counsel tomorrow, and only prays this Court not punish his clients for an error that was his fault alone.

        Respectfully Submitted,

        J.H. Zidell, P.A.
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167
        *Attorneys for Plaintiff*

        By: /s/ Joshua H. Sheskin

        Joshua H. Sheskin, Esq.
        Jsheskin.jhzidellpa@gmail.com
        Florida Bar Number: 93028

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on January 17, 2017.

        J.H. Zidell, P.A.
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167
        *Attorneys for Plaintiff*

        By: /s/ Joshua Sheskin
        Joshua H. Sheskin, Esq.
        Jsheskin.jhzidellpa@gmail.com
        Florida Bar Number: 93028