UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-CIV-22881

JULIO C PENA NAVAS, PABLO IRINEO )
COTO MENDOZA, and all others similarly )
situated under 29 US.C. 216(b), )
                    Plaintiff, )
vs. )
PAVER DAVE, INC., and DAVID E KELLER, )
                    Defendants. )

## PLAINTIFF'S NOTICE OF COMPLIANCE WITH DE 29 & 41

Plaintiff, by and through Undersigned Counsel, notices all good faith efforts to comply with DE 29 & 41 have been made by Undersigned Counsel and Co-Counsel, however, due to Defense Counsel's unavailability mutual compliance is not anticipated.

1. Depending on the representations of Defense Counsel, Undersigned Counsel, in DE 45 promised this Court to personally settle the mediation scheduling issue today 1/18/2017 with Opposing Counsel.

2. Plaintiff's Counsel attempted to do so, and was unsuccessful due to Defense Counsel's limited availability before the deadline. Availability so limited that Defense Counsel lacks the time to file a motion to extend the deadline for mediation, but Plaintiff's Counsel has made himself available every day the mediator has available and is not the one in need of an extension.

3. The court selected mediator provided six possible dates before the mediation deadline, Undersigned Counsel assured Defense Counsel that he, or someone from his firm with settlement authority, would be made available for any of the six dates that Defense Counsel chose.

4. Apparently Defense Counsel has surgery on February 2, 2017, and the need to meet with Doctors and prepare for surgery, and then recovery from said surgery, prevents Defense Counsel from having the time to file a motion for an extension of the mediation deadline, and from being available any of the six dates the mediator had available, all of which Undersigned Counsel offered to make himself available for.

5. Hence, Undersigned Counsel has complied with DE 29 & 41 and made all reasonable accomadations to facilitate the mediation, including willingness to move all conflicts on his own calendar, and Defense Counsel, is unable to mediate by the deadline despite Plaintiff's Counsel's availability, flexibility, and intent to comply with the mediation deadline found in DE 29.

6. It is the hope of Plaintiff's Counsel that Defense Counsel will file for an extension of the mediation deadline, or this court will grant one without a motion out of compassion for the fact that Defense Counsel is unavailable to mediate due to surgery.

Respectfully Submitted,

J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*

By: /s/ Joshua H. Sheskin
Joshua H. Sheskin, Esq.
Jsheskin.jhzidellpa@gmail.com
Florida Bar Number: 93028

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on January 18, 2017.

                          J.H. Zidell, P.A.
                          300 71st Street, Suite 605
                          Miami Beach, Florida 33141
                          Tel: (305) 865-6766
                          Fax: (305) 865-7167
                          *Attorneys for Plaintiff*

                          By: /s/ Joshua Sheskin
                          Joshua H. Sheskin, Esq.
                          Jsheskin.jhzidellpa@gmail.com
                          Florida Bar Number: 93028