UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case No. 15-22881- cv-SIMONTON

JULIO C. PENA NAVAS,
PABLO IRINEO COTO MENDOZA
and all others similarly situated,

 Plaintiffs,

v.              CONSENT CASE

PAVER DAVE, INC. and
DAVID E. KELLER,

 Defendants.
_____/

## JOINT MOTION FOR FAIRNESS REVIEW AND ORDER OF DISMISSAL WITH PREJUDICE

The Parties, through their respective undersigned counsel, file this Joint Motion for Fairness Review of the Parties' Settlement Agreement (attached as Exhibit "A"), and for Dismissal with Prejudice and respectfully state as follows:

1. Plaintiffs filed a complaint against Defendants alleging overtime violations under the Fair Labor Standards Act ("FLSA").

2. In response, Defendants denied all of Plaintiffs' allegations, and raised numerous affirmative defenses.

3. Nevertheless, in an effort to avoid the costs and uncertainty of litigation, the parties have negotiated a settlement of this matter.

4. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350 (11th Cir. 1982), claims for wages arising under the FLSA may be settled or compromised

only with the approval of the Court or Secretary of Labor. Pursuant to *Lynn's Food*, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement:

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits:

(5) the range of possible recovery; and

(6) the opinions of the counsel.

See, e.g., *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, 2007 U.S. Dist. LEXIS 10287 (M.D. Fla. Jan. 8, 2007). A court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, *supra*. See, also *Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994 (M.D. Fla. Dec. 21, 2006).

5.   In support of the Parties' position that this is a fair settlement, they offer the following :

- The Parties were represented by counsel who each have significant experience in the litigation of FLSA claims;

- The settlement sum and the final Settlement Agreement were the subject of arms-length negotiations;

- This case was resolved following the exchange of written discovery requests and responses and depositions;

- The Parties agree that the settlement provides Plaintiffs with a sum of money and additional terms (including a mutual general release) that provides consideration well above what the Plaintiffs might have recovered had they prevailed at trial and which resolves other employment disputes that existed between the Parties at the time of Plaintiff's separation from Defendants' employment;

- There was no collusion, fraud, or any other inappropriate conduct by either Plaintiffs or Defendants with respect to the settlement ultimately agreed upon;  and,

- The probability of success on the merits and length of future litigation militate in favor of this settlement.   If the parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

6. The Parties, therefore, respectfully submit that their settlement agreement is consistent with the intent and purpose of the FLSA and the requirements on *Lynn's Food*.  The Parties further represent to the Court that their settlement agreement includes every term and condition of the parties' settlement, and there are no side deals or other terms outside of those being provided to the Court for review.

7. Plaintiffs stipulate that the settlement reached by them is a reasonable compromise of their overtime claims in view of the numerous disputed issues of fact in this case, including the number of hours that Plaintiffs actually worked; the amount and manner in which they were paid, and whether Defendants acted in good faith.

8. Based upon the foregoing, the parties further stipulate to and request the

dismissal, with prejudice, of this action upon approval by the Court as requested above, and for the Court to retain jurisdiction to enforce the terms of settlement.

WHEREFORE, the Parties respectfully request that this Court review the parties' settlement agreement and determine its fairness, and should it find the agreement to be fair, to dismiss this case with prejudice but retain jurisdiction to enforce the terms of settlement.

Dated: February 13, 2017.

Respectfully submitted,

| | |
|---|---|
| J. H. ZIDELL, P.A. | LANGBEIN & LANGBEIN, P.A. |
| Counsel for the Plaintiffs | Counsel for Defendants |
| 300 71ST STREET, SUITE 605 | 8181 NW 154th Street, Suite 105 |
| MIAMI BEACH, FLORIDA 33141 | Miami Lakes, FL 33016 |
| | |
| By: /s/ Joshua Sheskin | By: /s/ Leslie W. Langbein |
| Joshua Sheskin, Esq. | Leslie W. Langbein, Esq. |
| Fla. Bar No. 93028 | Fla. Bar No. 305391 |
| Tel: (305) 865-6766 | Tel: (305)-556-3663 |
| Fax: (305) 865-7167 | Fax: (305) 556-3647 |
| E-mail: jsheskin.jhzidellpa@gmail.com | Email: langbeinpa@bellsouth.net |