UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22881-CIV-WILLIAMS/SIMONTON

JULIO C. PENA NAVAS, et al.,

    Plaintiffs,

vs.

PAVER DAVE, INC., and
DAVID E. KELLER,

    Defendants.
_____/

**ORDER APPROVING SETTLEMENT AGREEMENT
AND DISMISSING CASE WITH PREJUDICE**

This matter is before the Court upon the Parties' Joint Motion for Fairness Review and Order of Dismissal with Prejudice, ECF No. [55].  Pursuant to the consent of the Parties, the Honorable Kathleen M. Williams, United States District Judge, has referred this matter to the undersigned Magistrate Judge for all further proceedings, including trial by jury and entry of final judgment, ECF Nos. [20][21].

This action involves claims brought by Plaintiffs Julio C. Pena Navas and Pablo Irineo Coto Mendoza against Defendants Paver Dave, Inc., and David E. Kellor for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA"), ECF No. [1].  The Parties have filed a Notice of Settlement and a Joint Motion for Fairness Review and Order of Dismissal with Prejudice wherein they request that the Court review the Parties' Settlement Agreement to determine its fairness, dismiss the case with prejudice and retain jurisdiction to enforce the terms of the settlement, ECF Nos. [20][21].  The Parties have submitted the Confidential Settlement Agreement and General Release to the undersigned for review.  The Settlement Agreement sets forth the details of the

settlement including the amount and terms of payment and provides that the Court shall retain jurisdiction to enforce or interpret the Agreement until July 1, 2017.

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." *Id.* The district court may approve the settlement in order to promote the policy of encouraging settlements of litigation. *Id.* at 1354.

The undersigned has reviewed the record and the Settlement Agreement and General Release submitted by the Parties and finds that the settlement reached, including attorneys' fees and costs, is a fair and reasonable resolution of the Parties' bona fide dispute. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Settlement Agreement and General Release is **APPROVED**, and the Parties' Joint Motion for Fairness Review and Order of Dismissal with Prejudice, ECF No. [55] is **GRANTED**. The action is **DISMISSED** with prejudice and the Court retains jurisdiction to enforce the terms of the Settlement Agreement through July 3, 2017. It is further

**ORDERED AND ADJUDGED** that this case is closed and all pending motions are denied as moot.

**DONE AND ORDERED** in chambers at Miami, Florida, on February 27, 2017.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies provided via CM/ECF to:**
**All counsel of record**